**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 04-4530

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES JUNIOR LOVE,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-04-22)

———————

Submitted:  October 20, 2005      Decided:  October 26, 2005

———————

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles Junior Love pled guilty, pursuant to a written plea agreement, to one count of possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1) (2000), and one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g) (2000), and was sentenced to 192 months of imprisonment on the drug count and 120 months on the firearms count, to run concurrently. Love appeals, claiming that the sentencing enhancement he received for being a career offender, see U.S. States Sentencing Guidelines Manual § 4B1.1 (2003), violates the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005).

Love's claim is foreclosed by this court's decision in United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005), in which we held that a defendant's Sixth Amendment right to trial by a jury is not violated by the district court's reliance on his prior convictions for purposes of sentencing as a career offender. See also United States v. Cheek, 415 F.3d 349, 350 (4th Cir. 2005) (holding similarly in the context of the Armed Career Criminal Act).

Accordingly, we affirm Love's sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED